# SETTLEMENT AGREEMENT

The parties, Plaintiffs, the Yankton Sioux Tribe, the Marty Indian School, the Cheyanne River Sioux Tribe, the Flandreau Santee Sioux Tribe, the Oglala Sioux Tribe, the Loneman School, the Porcupine School, the Wounded Knee District School, the Standing Rock Sioux Tribe, the Turtle Mountain Band of Chippewa Indians, the Lower Brule Tribe, the Rosebud Sioux Tribe, the Little Wound School, the American Horse School and the Sicangu Owayawa Oti School and Defendants, the Department of the Interior, the Secretary of the Interior, the Bureau of Indian Affairs, the (improperly named) Acting Assistant Secretary of Indian Affairs, the Bureau of Indian Education (formerly the Office of Indian Education Programs), and the Director of the Bureau of Indian Education enter into this Settlement Agreement to resolve the issues raised by the Plaintiffs in Yankton Sioux Tribe, et al. v. Kempthorne, et al (S. D. Civ No. 06-4091).

The parties agree as follows:

1. The terms agreed to in this Settlement Agreement apply only to the currently ongoing restructuring of Bureau of Indian Education (BIE) programs, announced by letter to tribal leaders on December 22, 2005, that affect tribes and BIE-funded schools in the states of North and South Dakota.

2. The Bureau of Indian Education agrees to maintain the six existing Education Line Offices (ELO), and corresponding Line Officer positions in the States of North and South Dakota (designated Pine Ridge, Rosebud, Cheyenne River, Crow Creek/Lower Brule, Turtle Mountain and Standing Rock), at their same locations.

3. The Flandreau Indian School in South Dakota shall be transferred from its current supervision by the Minneapolis Education Line Office to supervision by the Crow Creek/Lower Brule Education Line Office in South Dakota.

4. During Fiscal Year 2007, BIE shall hire and maintain on staff at least three employees at each of the six ELOs in the states of North and South Dakota.

5. Subject to the availability of sufficient appropriations in BIE's "Education Management" appropriation, it is the intention of BIE that the total staff at all of the six ELOs in the states of North and South Dakota will consist of at least twenty-four employees, divided between these six offices at the discretion of the director of the BIE, in fiscal years after 2007. However, subject to the availability of sufficient appropriations in BIE's "Education Management" appropriation, it is the intention of BIE that each Dakota-area ELO have a staff of at least three employees.

6. In the event that BIE determines that is has not received sufficient appropriations to

provide the staffing levels identified in paragraph 5 in any year after Fiscal Year 2007, it will provide plaintiffs with a letter explaining the basis for that determination, signed by the Director of BIE. Any such determination by the BIE that it has not received sufficient appropriations to provide the staffing levels identified in paragraph 5 shall be in the sole and unreviewable discretion of the BIE and shall not be subject to challenge or judicial enforcement in any court. Nothing in this agreement shall be construed to require BIE or any component of the Executive Branch of the United States government to request appropriations, either from the Office of Management and Budget or from the United States Congress, sufficient to satisfy the staffing levels identified in paragraph 5.

7. With the dismissal of Yankton Sioux v. Kempthorne (S.D. No. 06-4091), and the dissolution of the preliminary injunction entered by the Court on July 14, 2006 in accordance with the Stipulated Final Judgment attached hereto, the BIE may proceed with all other aspects of the restructuring in the Dakotas announced by the letter to tribal leaders on December 22, 2005.

8. On or before September 1, 2007, plaintiffs may submit to the Office of the Solicitor of the Department of the Interior proposed consultation policy "protocols" specifying how the current consultation policy should be implemented. This provision shall not require the Department of the Interior or any agency thereof, including the BIE to adopt plaintiffs' proposed consultation policy protocols, or any consultation policy protocols at all.

9. Notwithstanding paragraph 1, whenever the Bureau of Indian Education intends to hire an Education Line Officer to staff any of the Education Line Offices at Pine Ridge, Rosebud, (also affecting the Yankton Sioux Tribe), Cheyenne River, Crow Creek/Lower Brule, Turtle Mountain and Standing Rock, representatives of the agency school board or boards served by that Education Line Office, and the Tribe or Tribes served by the Education Line Office, shall be consulted as follows: (1) notified of the position to be filled; (2) provided with the identity of the top-ranked candidates as identified by the selecting official, with the candidates' written permission; (3) offered copies of the resumes of the three top-ranked candidates, with the candidates' written permission; and (4) provided with an opportunity to offer recommendations about the selection to the Bureau of Indian Education official responsible for making the selection prior to the selection decision.

10. Nothing in this agreement shall preclude or bar the Bureau of Indian Education from making any changes in its guidelines, management, personnel assignments, staffing levels or organizational structure, that were adopted or affected by this agreement, (including but not limited to changes in the staffing of Education Line Offices), so long as such changes are implemented in compliance with all applicable legal obligations, including the obligation to engage in consultation with affected tribes.

11. If any plaintiff alleges that defendants have failed to comply with any provision of this Agreement; counsel for that plaintiff shall serve a written Notice upon defendants' counsel (the Solicitor of the Department of the Interior) which shall specify which paragraph(s) of this Agreement have allegedly been violated, shall describe all of the facts and circumstances supporting the plaintiff's claim that defendants have violated this Agreement, and shall notify

defendants' counsel that the plaintiff intends to seek an order from the District Court to enforce compliance with the Agreement. The defendants shall have a period of thirty (30) days after receipt of such Notice to take appropriate action to resolve any claims of noncompliance. If such claims are not resolved within that thirty (30) day period or if, prior to the expiration of such thirty (30)-day period, counsel for defendants advise plaintiffs' counsel that no further action will be taken by defendants, the plaintiff may apply to the District Court for an order compelling compliance with this Agreement. If defendants allege that plaintiffs have failed to comply with any provision in this Agreement, the same procedures shall apply.

12. Defendants hereby stipulate and agree to pay plaintiffs $ 32,000 in full and complete settlement of all plaintiffs' claims for attorney fees, costs and expenses in this litigation.

13. The Parties hereby stipulate and agree to entry of a Final Judgment, within ten days of the execution of this Agreement, in the form annexed hereto as Attachment A, dismissing all of plaintiffs' claims in this action with prejudice, except that the Court shall retain jurisdiction to enforce compliance with the terms and conditions of this Agreement in accordance with paragraph 11.

YANKTON SIOUX TRIBE, et al, plaintiffs

Date: 7-18-07

BY: _____
Charles Abourezk
Counsel or designated Counsel
for Plaintiffs
Abourezk & Zephier
2020 W. Omaha St.
Rapid City, South Dakota 57709
Telephone: (605) 342-0097
Facsimile: (605) 342-5170


UNITED STATES DEPARTMENT OF JUSTICE

Date: 6-28-07

BY: _____
Daniel Bensing
Counsel for Defendants
Federal Programs Branch
Civil Division
United States Department of Justice
20 Massachusetts Ave., N.W.
Room 6114
Washington, D.C.
Telephone: (202) 305-0693
Facsimile: (202) 616-8460

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| YANKTON SIOUX TRIBE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. CIV. 06-4091 KES |
| | ) | |
| DIRK KEMPTHORNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATED FINAL JUDGMENT**

The parties hereby agree and stipulate, pursuant to the Settlement Agreement attached hereto, that:

1. The Preliminary Injunction entered by the Court on July 14, 2006 is hereby dissolved;

2. This action is hereby dismissed with prejudice; and

3. The Court shall retain jurisdiction over claims for enforcement of the Settlement Agreement, as specified in paragraph 13 of the Settlement Agreement.

Dated: July 26, 2007

_Karen E. Schreier_

KAREN E SCHREIER

United States District Judge

*Attachment A to Settlement Agreement*

5